No. 38.—James Buchannon and John Dill, plaintiffs in error, *vs.* Gabriel Jones, defendant in error.

In an action of assumpsit for money had and received, the defendants cannot, under the Judiciary of 1799, give in evidence, under the plea of the general issue, a special contract made with the plaintiffs, exempting them from liability. This defence must be fully, plainly, and distinctly set forth, in writing, in their answer.

The decision of the court below, complained of in the bill of exceptions, was upon a motion for a new trial.

The defendant in error brought an action of assumpsit against the plaintiffs in error, in Early Superior Court, upon two general money counts : one for money had and received, and the other for money paid, laid out, and expended ; to which the plaintiffs in error pleaded the general plea of *non assumpsit*. Upon the trial on the appeal, the plaintiffs in error offered in evidence, under their plea of *non assumpsit*, an instrument, of which the following is a copy :

"Gabriel Jones,         }   Randolph Sup. Court,
          *vs.*             }   *Nov. Term*, 1840.
Henry Britt, Wm. J. Cheshire. }

"GEORGIA,    }   Received the above-stated *fi. fa.* of Gabriel Jones,
*Randolph county.*   } which we promise to pay him one-fourth the amount we can collect on said *fi. fa.* in Jos. T. Jones' notes and *fi. fa.*, so far as they are worth ; the balance to be paid in John Standley's paper, or other notes as good. If said *fi. fa.* should not answer the purpose for which we have received it, we are to return it to Mr. Jones, and take up this obligation.           (Signed)

"James Buchannon,
"John Dill & Co.,
"*per* McClure."

It having been previously proven, and admitted, that said instrument referred to the *fi. fa.* upon which, by the testimony in behalf of the defendant in error, it appeared the *money had and received* by the plaintiffs in error, and for which they were sued in this action, had been collected, and that it was the receipt given for said *fi. fa.* which was objected to ; and the court below sustained the objection, and rejected the instrument.

Upon the trial, the special jury—the case being on the appeal—rendered a verdict against the plaintiffs in error ; whereupon they moved the court below, and obtained a rule *nisi* for a new trial, returnable to the then next term of Early Superior Court, requiring the defendant in error to show cause why a new trial should not be granted, on the ground that the court below rejected the instrument so tendered in evidence, on the trial, in behalf of the plaintiffs in error, as aforesaid.

At the April Term, 1846, of the Superior Court of said county of Early, the rule *nisi* for a new trial came on to be heard, before Judge Warren ; and, after argument, the court below overruled the rule *nisi,* refusing to grant any new trial in said case ; to which decision of the court below the plaintiffs in error excepted ; and assigned for error, that the court refused to permit the plaintiffs in error, under the general issue, in the said suit against them, to introduce in evidence the instrument aforesaid, to resist the right of the defendant in error, who was plaintiff below, to sue and recover for money had and received.

WILLIAM TAYLOR and DAVID KIDDOO, for the plaintiffs in error, cited 1 *Chitty's Pl.* 475 to 479 ; 2 *Saunders on Pl. and Ev.* 720, 721, 722 ; 2 *Starkie on Ev.* 127, 128.

ISAAC E. BOWER, for defendant in error.

*By the Court*—LUMPKIN, Judge.

The single point presented in this case is, whether the special agreement entered into by the plaintiffs in error with Jones could be given in evidence by them, under the plea of *non assumpsit,* to screen them from accounting for the money collected by them on the *fi. fa.,* at the instance of Jones, against Britt and Cheshire.

That this could be done in England, and in those States where their pleadings are regulated by the common law, there can be no doubt ; for there the general issue (*i. e.*, that the defendant did not promise in manner and form alleged by the plaintiff,) puts in issue not only the receipt, by the defendant, of the money claimed by the plaintiff, but also *the existence of all those facts* which make his receipt of it a receipt to the use of the plaintiff. But this is not admissible under our judiciary, which requires the answer of the defendant to be in writing, signed by the party, or the attorney, and to set forth *plainly, fully, and distinctly, the cause of defence.* The plaintiff, if thus put on his guard, might show that this paper was obtained by duress.

This case comes fully within the principle of *J. Johnson and E. J. Black,* vs. *Neil Ballingall,* decided by this court in May, 1846, at Milledgeville. (*Ante* p. 68.)

Judgment affirmed.